Citation Nr: AXXXXXXXX
Decision Date: 09/29/21 Archive Date: 09/29/21

DOCKET NO. 200519-84382
DATE: September 29, 2021

REMANDED

Service connection for sleep apnea is remanded.

REASONS FOR REMAND

The Veteran had active service from April 1971 to January 1973.

The rating decision on appeal was issued in April 2020 and constitutes an initial decision; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies. In the May 2020 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301.

The issue is remanded to correct a duty to assist error that occurred prior to the April 2020 rating decision on appeal. The AOJ should not have denied the Veteran's claim before first obtaining a medical opinion addressing the Veteran's contention that his sleep apnea had onset during service.

In this regard, the April 2020 rating decision made favorable findings that the Veteran had a diagnosis of sleep apnea and that the claimed issue existed prior to military service; that finding was based on a notation on the Veteran's December 1970 pre-induction report of medical history that he experienced trouble sleeping. That stated, the Veteran's entrance examination reflected a normal clinical evaluation of the Veteran's sinuses, mouth and throat, and lungs and chest. The AOJ denied the claim based on a finding that the remainder of the Veteran's service treatment records did not show complaints of or treatment for sleep apnea, and there was no continuity of symptoms from service to the present. However, the Veteran indicated in February 2020 Correspondence that he started to notice in service that he was struggling to wake up in the morning and was falling asleep on guard duty. He stated that he had been told that sleep apnea could cause strokes and seizures, conditions that he has been diagnosed with. The Board finds that, given the Veteran's contention that he started experiencing apnea symptoms in service and that those symptoms continued through the present, resulting in strokes and seizures, the low threshold requirement for a VA examination has been met and that one should have been obtained prior to adjudication. McLendon v. Nicholson, 20 Vet. App. 79 (2006). 

The matter is REMANDED for the following action:

Schedule the Veteran for an appropriate examination to address the nature and etiology of his diagnosed sleep apnea. The claims file must be made available to the examiner for review. The examiner is requested to take a history from the Veteran as to the onset and progression of his sleep apnea. Then, the examiner should address the following:

Is it at least as likely as not (a 50 percent or greater probability) that the Veteran's sleep apnea had onset in, or is otherwise related to his period of military service?

The examiner should consider the December 1970 notation in the Veteran's service treatment records that the Veteran had trouble sleeping, as well as lay statements submitted by the Veteran and his wife in support of the Veteran's appeal. 

If the examiner bases any portion of the opinion on a gap in documented medical treatment, the examiner must explain why or how, from a medical perspective, that gap informs his or her opinion.

 

 

V. Chiappetta

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Polly Johnson, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.